UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:24-cr-25-HES-MCR
                                            18 U.S.C. § 932(b)(2)
                                            18 U.S.C. § 922(a)(6)
NATHANIEL THOMAS HATCHER III

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but no later than in or about November 22, 2022, and continuing through on or about January 2, 2024, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER III,

did knowingly conspire with others, both known and unknown to the United States, to purchase firearms, including but not limited to, a Glock pistol, a Manta Machining rifle, and three Century Arms pistols, in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intended to use, carry, possess, or otherwise dispose of the firearms in furtherance of a felony or a drug trafficking crime.

In violation of 18 U.S.C. § 932(b)(2) and (c)(2).

## COUNT TWO

On or about January 9, 2023, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER III,

aiding and abetting another person, acquired firearms, specifically, a Glock pistol and a Manta Machining rifle, from a federally licensed firearms dealer, namely, Money Mizer Pawn and Jewelry, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearms on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT THREE

On or about January 9, 2023, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER III,

aiding and abetting another person, acquired a firearm, specifically, a Century Arms pistol, from a federally licensed firearms dealer, namely, St. Nicholas Gun and Sporting Goods, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an

ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearm on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT FOUR

On or about January 18, 2023, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER III,

aiding and abetting another person, acquired firearms, specifically, two Century Arms pistols, from a federally licensed firearms dealer, namely, St. Nicholas Gun and Sporting Goods, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearms on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## COUNT FIVE

On or about January 2, 2024, in the Middle District of Florida, the defendant,

NATHANIEL THOMAS HATCHER III,

aiding and abetting another person, attempted to acquire firearms, specifically, two Century Arms pistols and an FN Herstal rifle, from a federally licensed firearms dealer, namely, Orange Park Gun and Pawn, during which acquisition, the other person knowingly made a false and fictitious written statement intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, Chapter 44, United States Code, to wit, answering "yes" to question 21.a. on an ATF Form 4473, which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the other person was buying the firearms on behalf of the defendant.

In violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2.

## FORFEITURE

1. The allegations contained in Counts One through Five of the Indictment are incorporated by referenced for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 934(a)(1)(A), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of the violation of 18 U.S.C. § 932(b)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of these offenses; any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 922(a)(6), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to, the following:

    a. a Century Arms Micro-Draco 7.62 caliber pistol, serial number 22PMD37506;

    b. a Smith and Wesson 9mm pistol, serial number FCY7081; and

    c. all related magazines and ammunition seized in conjunction with these firearms.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).



ROGER B. HANDBERG
United States Attorney

By: _____
AAKASH SINGH
Assistant United States Attorney

By: _____
KIRWINN MIKE
Assistant United States Attorney

By: _____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
2/13/24 Revised

No. 3:24-cr-

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

NATHANIEL THOMAS HATCHER III

INDICTMENT

Violations: 18 U.S.C. §§ 932(b)(2), 922(a)(6), and 2

Filed in open court this 14th day

of February, 2024.

_____
Clerk

Bail $ _____

GPO 863 525