UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

V.

NATHANIEL THOMAS HATCHER, III.,

Defendant.                                              CASE NO. 3:24-cr-25(s3)-HES-MCR

_____

DEFENDANT HATCHER'S AMENDED MOTION FOR A BILL OF PARTICULARS

COMES NOW, the Defendant, NATHANIEL THOMAS HATCHER, III, by and through undersigned counsel, and moves for a bill of particulars, in accordance with Rules 7(f) and 12(b) of the Federal Rules of Criminal Procedure; together with the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitutional of the United States. The case at bar presents voluminous materials and numerous witnesses for the Government. The indictment as plead as to Counts Seven and Eight are insufficient such that it misleads and inadequately informs the defendant of the facts and statutes that he faces in this Court.

The purpose of a bill of particulars is not merely to apprise the defendant of the voluminous materials and numerous witnesses used in the preparation of the government's case. The defendant is entitled to a bill of particulars under Rule 7(f), F.R.Crim.P., to ensure the charge will be particularized sufficient to enable him to prepare his defense, avoid surprise and plead double jeopardy in the event of subsequent prosecution for the same offense. See United States v. Caine, 270 F. Supp. 801, 806

(S.D.N.Y.1967), cited in United States v. McCoy, 492 F.Supp. 540 (M.D. Fla. 1980)(**Melton, J**.).

## RELIEF REQUESTED

As to Count Seven, Defendant requests that the Government provide in the form of a bill of particulars the act or acts the Government intends to prove constituted aiding and abetting, by Nathaniel T. Hatcher III, and James Toney, on or about October 17, 2023, to others in furtherance of a major drug offense, as charged in Court Six, conspiracy to distribute and possess with intent to distribute a controlled substance, marijuana, and with the intent to intimidate, harass, injure, and maim, fired a weapon into a group of persons, causing grave risk to human life.

As to Count Eight, Defendant also requests that the Government provide in the form of a bill of particulars the act or acts the Government intends to prove constituted aiding and abetting, by Nathaniel Thomas Hatcher III, and James Tomey, on or about October 17, 2023, that consist of knowingly use, carry, and discharge a firearm during and in relation to a crime of violence, as charged in Count Seven, with the intent to intimidate, harass, injure, and maim, fired a weapon into a group of persons, causing grave risk to human life.

## INTRODUCTION

On August 14, 2024, a federal grand jury returned a superseding indictment charging Nathaniel T. Hatcher III with twelve counts. Mr. Hatcher is charged in Count One: Conspiracy to straw-purchase firearms; Count Two: Knowingly making a materially false statement during the purchase of a firearm; Count Three: Knowingly making a materially

false statement during the purchase of a firearm; Count Four: Knowingly making a materially false statement during the purchase of a firearm; Count Five: Knowingly making a materially false statement during the purchase of a firearm; Count Six: conspiracy to distribute and possess with intent to distribute a controlled substance; Count Seven: aiding and abetting others to fire a weapon into a group of persons with intent to intimidate, harass, injure, and maim, thereby causing great risk to any human life, in violation of 18 USC 36(b)(1) and (2); Count Eight: aiding and abetting others to knowing use, carry, and discharge a firearm during a crime of violence contrary to 18 USC 924(c)(1)(A)(iii) and 2. Count Nine: conspiracy to commit money laundering; Count Ten: obstruction of an official proceeding; Count Eleven: Obstruction of an official proceeding; Count Twelve: obstruction of an official proceeding, together with a forfeiture provision.

    As to Count seven, Mr. Hatcher is entitled to a bill of particulars from the Government regarding what acts allegedly constituted aiding and abetting a drive by shooting. What is the alleged conduct of Mr. Hatcher that constitutes the violation of the statutes? The Court should order the Government to provide, in the form of a bill of particulars, the act or acts which the Government intends to prove that Nathaniel Thomas Hatcher (1) added and abetted others in furtherance of a major drug offense, and (2) with intent to intimidate, harass, injure and maim, fired a weapon into a group of persons causing risk to human life

    As to Count eight, Mr. Hatcher is also entitled to a bill of particulars specifying the essential conduct by which he aided and abetted others to knowingly use, carry, and discharge a firearm during a crime of violence, as alleged in count seven,

Defense counsel submits, after the review of the voluminous discovery produced in this case, that the Government will assert that Mr. Hatcher's conduct in count six, conspiracy to distribute marijuana, provides the statutory basis for the aiding and abetting alleged in counts seven, a shooting, as well the statutory basis for the aiding and abetting alleged in count eight. If this is incorrect or incomplete, the Government should be ordered to specify the essential facts it intends to prove. Therefore, the Government should also provide, in the form of a bill of particulars, the act or acts which the Government intends to prove constituted Mr. Hatcher's aiding and abetting others as alleged in counts seven and eight.

## ARGUMENTS AND AUTHORITIES

I.    Mr. Hatcher's motion for a bill of particulars is timely.

Mr. Hatcher seeks a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. Under Rule 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Defendant Hatcher's motion is timely under the Federal Rules of Criminal Procedure.

II.    Mr. Hatcher is entitled to a bill of particulars on both counts.

Mr. Hatcher seeks a bill of particulars to adequately prepare his defense. See United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). Fundamentally, "[t]he function of a bill of particulars is to 'cure omissions of details that might enable the defendant to prepare his defense.'" United States v. Perkins, 748 F.2d 1519, 1526 (11th Cir. 1984) (quoting United States v. Haas, 583 F.2d 216, 221 (5th Cir. 1978)). "It is well[-]settled law that 'where an

4

indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error."' Cole, 755 F.2d at 760 (quoting United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978)). A district court is vested with broad discretion in deciding whether a bill of particulars should be granted. United States v. Colson, 662 F.2d 1389, 1391 (11th Cir.1981); United States v. Wilson, 647 F.2d 534, 536 (5th Cir.1981); Roberson v. United States, 249 F.2d 737, 739 (5th Cir.1957

An indictment reciting the elements of an offense might survive a motion to dismiss, a bare-bones indictment may not "meet fully the Government's obligation to permit defendant to prepare a defense." Haas, 583 F.2d at 221. Under these circumstances, a bill of particulars is necessary. Id. As future Supreme Court Justice Charles Evans Whittaker wrote in United States v. Smith, 16 F.R.D. 372,375 (W.D. Mo. 1954), the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information is good against a motion to quash or a demurrer. Its proper office "is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial", and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature", and an accused is entitled to this "as of right". (quoting United States v. US. Gypsum, 37 F. Supp. 398,402 (D.D.C. 1941).

Mr. Hatcher does not seek to elicit information about how the Government will make its case or its trial strategy, but rather: (1) what it intends to prove Nate Hatcher did to aid and abet James Toney and others in furtherance of a drug offense by a drive by shootings as alleged in Count Seven; and (2) what conduct it intends to prove Nate Hatcher did to aid and abet James Toney and others to discharge a firearm during a crime of violence as alleged in count Eight. In other words, Mr. Hatcher seeks the essential facts which the Government argues comprise the offenses alleged against him and not the evidence the Government will present attempting to prove these facts.

A.  Mr. Hatcher is entitled to a bill of particulars stating what conduct constitutes the aiding and abetting charge of a drive by shooting. . (Count 7].

Mr. Hatcher is entitled to a bill of particulars stating the essential facts of the aiding and abetting conduct. The indictment sets out adequate information of the elements of a crime, a drive by shooting, however, contains nothing about what Nat Hatcher allegedly did to aid and abet the offense. This is not sufficient. See, United States v. Menjivar, No. 1:10-CR-86-11-RWS-ECS, 2011 U.S. Dist. LEXIS 157331, at *4 (N.D. Ga. Nov. 29, 2011) ("If the essential facts are not disclosed in the discovery, then the government is directed to provide this information in the form of a bill of particulars to the Defendant stating what the government contends the essential facts are relating to [the aiding and abetting] [c]ount.").

B. Mr. Hatcher is entitled to a bill of particulars regarding his particular conduct in aiding and abetting the discharge of a firearm during a crime of violence. (Count Eight).

Mr. Hatcher is also entitled to a bill of particulars clarifying the Government's charge of discharging a firearm during a crime of violence. The indictment sets out adequate information of a crime, the knowingly use, carry, and discharge of a firearm during a crime of violence, however, contains nothing about what Nat Hatcher allegedly did to aid and abet the offense. This is not sufficient.

Mr. Hatcher submits that, given the volume of videos and documentary evidence of the conspiracy to trafficking in marijuana, and the indictment's barebones allegations, it was impossible to determine what act or acts as alleged how he allegedly committed the offense of aiding and abetting the offense of discharge of a firearm during a crime of violence. The defendant in the case at bar also raises concerns that the subject third superseding indictment was not particular enough to prevent conviction on theories not presented to the grand jury, to protect him from being placed in double jeopardy, or to ground a unanimous jury verdict as to each count.

CONCLUSION

Mr. Hatcher submits that he is left "speculating" about what evidence would be presented in counts seven and eight and how to defend himself. Mr. Hatcher contends a bill of particulars would remedy his concerns. A bill of particulars would fulfil its purpose of enabling an adequate defense preparation and minimizing surprise at trial. As alleged in the third superseding indictment, a simple test of "who", "where" and "how" demonstrates that counts seven and eight do not satisfy the Rule 7 requirements. Wherefore, counsel moves this Honorable Court to conduct a hearing and grant the instant

motion and direct the Government to provide a sufficient bill of particulars as provided herein.

Respectfully Submitted, this 15TH day of October 2024.

        Clyde M. Collins, Jr., Esquire   FBN 0342688
        Attorney for Nathaniel Hatcher
        3955 Riverside Avenue
        Jacksonville, Florida 32205
        904/982-7383
        clydemcollinsjr@aol.com

## CERTIFICATE OF SERVICE

On October 15, 2024, I electronically filed the forgoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

        Clyde M. Collins, Jr., Esquire   FBN 0342688
        Attorney for Nathaniel Hatcher
        3955 Riverside Avenue
        Jacksonville, Florida 32205
        904/982-7383
        clydemcollinsjr@aol.com

Case 3:24-cr-00025-HES-MCR Document 104 Filed 10/15/24 Page 8 of 8 PageID 395